PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2005 Pontiac G6 1 struck a one and a half inch discontinuity between the asphalt and metal expansion joint on 1-64 east just prior to the Nitro Bridge in Scott Depot, Kanawha County. Interstate 64 is a public road maintained by Respondent. The Court is of the opinion to malee an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 7:30 a.m. on September 28,2009. At the time of the incident, Claimant Jessamy Hartman was driving eastbound on 1-64 from Hurricane to Charleston. IThe area in question is a two-lane road that converges with the St. Albans ramp on the right just prior to the Nitro Bridge. 1 Mrs. Flartman testified that she saw signs advising the traveling public of road work generally, but that no signs to indicate a bump or rough road. Claimant stated that because of bumper to bumper traffic she did not see the gap between the asphalt and bridge until her vehicle struck the metal bridge j oint that protruded an inch and a half higher than the preceding pavement. Although Claimant travels this road on a daily basis, she had not encountered this hazard on a previous occasion. As a *217 result of this incident, Claimants’ vehicle sustained damage to front passenger side wheel in the amount of $428.88. Claimants’ insurance declaration sheet indicates that their collision deductible is $1000.00.
The position of the Respondent is that it did not have actual or constructive notice of the condition on 1-64 at the time of the incident. IRick Hazelwood, Maintenance Supervisor for Respondent at the Scary office, testified that he oversees maintenance repairs in the area in question. Mr. Hazelwood stated that he was familiar with the resurfacing proj ect on 1-64 East, and indicated that paving work was being conducted from the 42 mile marker through the 40th Street overpass. He stated that two days prior to the incident the asphalt had been ground out up to the expansion joint at the bridge. According to Mr. Hazelwood there were warning signs erected, as per Respondent’s protocol, to advise drivers of the work.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645; 46 S.E.2d81 (1947). In order to hold respondent liable for road defects of this type, claimant must prove that respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dep’t of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that Respondent had, at the least, constructive notice of the protruding metal bridge joint which Claimants’ vehicle struck and that the condition of the road presented a hazard to the traveling public. Since the pavement was ground down on the travel portion of the road leading up to the bridge expansion joint without sufficient warning signs, the Court finds Respondent negligent.
It is the opinion of the Court of Claims that the Claimants should be awarded the sum of $428.88.
Award of $428.88.